Argued June 8, reversed November 29, 1967
WHEELER, *Respondent, v.* HALEY, PUBLIC
UTILITY COMMISSIONER, *Appellant.*
434 P. 2d 335

*Leon L. Hagen,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Richard W. Sabin, Assistant Attorney General, Salem.

*Ervin B. Hogan,* Medford, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN and DENECKE, Justices.

McALLISTER, J.

The Public Utility Commissioner appeals from a decree of the circuit court for Jackson county vacating his order cancelling for nonuse the plaintiff's contract carrier permit.

There is no dispute about the facts. The plaintiff Wheeler for some years was the holder of a class 2B permit issued by the Commissioner authorizing the plaintiff to transport, as a contract carrier, logs, poles or piling over public roads within, from and to eight counties in Southern Oregon. The plaintiff also held a class 3 permit authorizing him to operate in Oregon as a private carrier of property.

On January 6, 1964, plaintiff by written notice to the Commissioner "discontinued" all vehicles authorized for use under his class 2B permit, and surrendered all identification plates issued by the Commissioner for said vehicles. Thereafter no vehicles were "listed" with the Commissioner or licensed for log hauling under plaintiff's 2B permit.

On March 8, 1965, the Commissioner began proceedings to cancel plaintiff's log hauling permit on the ground that plaintiff during the preceding 12 months had not furnished the service authorized by the permit. ORS 767.190 (2) (f).[1] A hearing was held and plaintiff established that on August 20, 1964, he had transported for hire a load of logs over a

---

[1] ORS 767.190 "(2) Permits or licenses may be suspended or canceled by the commissioner after notice and hearing based upon his own or other complaint when the permittee or licensee:

"* * * * *

"(f) * * *, in the case of a common or contract carrier authorized to transport logs, poles or piling, has not, except for reasons beyond his control, furnished service authorized by his permit or license to transport logs, poles, or piling for a period exceeding 12 consecutive months immediately preceding the filing of a complaint in the proceeding. * * *"

public highway in Oregon. Plaintiff does not contend that he hauled any other logs during the 12 months in question, or that he failed to do so for reasons beyond his control.

The case turns on whether plaintiff furnished service "authorized by his permit" when he hauled the logs on August 20, 1964. The logs were not hauled on vehicles licensed under plaintiff's 2B permit, but were hauled either on vehicles licensed under plaintiff's class 3 permit, or on vehicles unlicensed by the Commissioner.

The Commissioner contends that plaintiff "voluntarily suspended" his 2B permit on January 6, 1964, when he "discontinued" all vehicles authorized for use under that permit and surrendered the identification plates therefor. The Commissioner argues that a log haul while the permit was suspended did not constitute service authorized by the permit.

The plaintiff denies that he had voluntarily suspended his permit, but concedes, in effect, that after January 6, 1964, he could not haul logs legally under the permit until he filed an application with the Commissioner listing one or more vehicles for use under the permit and obtained identification plates for said vehicles. Although an application to put vehicles "on permit" was apparently a routine step, plaintiff did not take it prior to the August 20, 1964 log haul, or at all.

Whether plaintiff's permit was voluntarily suspended, as contended by the Commissioner, or merely dormant as contended by plaintiff, the result is the same. The log haul of August 20, 1964, was not authorized by the 2B permit, because on that date no vehicles were listed with or licensed by the Commis-

sioner for use under that permit. It would establish a dangerous precedent to hold that the plaintiff could avoid the cancellation of his permit for nonuse by operating in violation thereof.

The decree of the circuit court is reversed and the order of the Commissioner cancelling plaintiff's 2B permit is reinstated.